IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARY JANE WASHBURN, | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| vs. | ) |
| | ) |
| PORTFOLIO RECOVERY | ) |
| ASSOCIATES, LLC, | ) |
| and GOODMAN LAW GROUP, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff brings this action to secure redress for unlawful collection practices, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and Illinois common law.

2. Plaintiff, a resident of Paris, Illinois, complains that defendants filed a collection lawsuit against her in Joliet, Illinois, 180 miles distant and in a place prohibited by the FDCPA.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction over defendants in this District is proper because defendants' collection communications were received by plaintiff here.

**PARTIES**

5. Plaintiff Mary Jane Washburn is an individual who resides in Paris, Illinois, in Edgar County.

6. Defendant Portfolio Recovery Associates, L.L.C. ("PRA") is a limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia.

7. Defendant PRA does business in Illinois. Its registered agent and office is National Registered Agents, 200 W. Adams, Chicago, IL 60606.

8. Defendant PRA is engaged in the business of buying bad debts allegedly owed by consumers for a small fraction of face value (under 5%) and enforcing the debts against the consumers.

9. According to the annual report on SEC Form 10-K for the year ending December 31, 2005 filed by PRA's parent, Portfolio Recovery Associates, Inc., "Our primary business is the purchase, collection and management of portfolios of defaulted consumer receivables. These are the unpaid obligations of individuals to credit originators, which include banks, credit unions, consumer and auto finance companies and retail merchants." (Original page 4)

10. The same annual report states that "From our 1996 inception through December 31, 2005, we acquired 658 portfolios with a face value of $16.4 billion for $415.4 million, representing more than 7.8 million customer accounts." (Original page 4) Of these, Illinois debts comprise 254,379 accounts (3 % of the total) with a face value of $536,690,148. PRA paid only $14,340,056 for these debts. (Original page 8)

11. PRA frequently files suit on these alleged debts. PRA has filed hundreds of lawsuits pending in Illinois courts.

12. PRA uses the mails and telephone systems in conducting its business.

13. Because the purported obligations were originally owed to other entities

2

and were charged off prior to purchase, PRA is a "debt collector" as defined in the FDCPA.

14. Defendant Goodman Law Group LLC is a law firm organized as an Illinois limited liability company with offices located at 700 Commerce Drive, Suite 500, Oak Brook, IL 60523.

15. Defendant Goodman Law Group LLC is primarily engaged in the collection of consumer debts originally owed to others.

16. Defendant Goodman Law Group LLC uses the mails and telephone system in conducting its business.

17. Defendant Goodman Law Group LLC is a "debt collector" as defined in the FDCPA.

18. All actions of Goodman Law Group LLC referred to herein were taken as authorized agent of defendant PRA.

## FACTS

19. On or about March 22, 2009, defendant Goodman Law Group LLC sent plaintiff the letter attached as Exhibit A seeking to collect a credit card account entered into for personal, family or household purposes and not for business purposes.

20. The letter was correctly addressed to plaintiff in Paris, Illinois.

21. Defendants had no reason to believe that plaintiff moved in March-April 2009 to Will County, Illinois.

22. In April 2009, Goodman Law Group LLC filed a lawsuit with PRA as plaintiff and Mary Jane Washburn as defendant in the Will County, Illinois Circuit Court, located in Joliet, Illinois, case 09 LM 1003.

23. The lawsuit was not based on any written contract signed in Will County, Illinois, and Ms. Washburn did not reside in Will County, Illinois.

24. Plaintiff wrote to the court explaining that she lived 180 miles from Will County and could not attend. (Exhibit B)

25. Defendants Goodman Law Group LLC and PRA pursued the lawsuit to judgment anyway, knowing that Ms. Washburn resided in Paris, Illinois and was unable to attend court in Joliet, Illinois, 180 miles distant.

26. Plaintiff was damaged by defendants' improper conduct.

## COUNT I – FDCPA

27. Plaintiff incorporates paragraphs 1-26.

28. Defendants violated 15 U.S.C. §1692i by filing suit in Will County, Illinois.

29. Section 1692i provides:

> **§ 1692i.    Legal actions by debt collectors [Section 811 of P.L.]**
>
> **(a) Any debt collector who brings any legal action on a debt against any consumer shall--**
>
> **(1)    in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or**
>
> **(2)    in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--**
>
> > **(A)    in which such consumer signed the contract sued upon; or**
> >
> > **(B)    in which such consumer resides at the commencement of the action.**
>
> **(b) Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

    a.    Statutory damages;

    b.    Actual damages;

    c.    Attorney's fees, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

30. Plaintiff incorporates paragraphs 1-26.

31. This claim is against PRA.

32. Defendant PRA is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

33. Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."

34. Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".

35. By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

36. In addition, the 2007 amendments repealed the definition of "collection agency" contained in former §425/2.02 and provided a more expansive set of definitions which, among other things, now define a "collection agency" as "any person who, in the ordinary course of business, regularly, <u>on behalf of himself or herself or others</u>, engages in debt collection." 225 ILCS 425/2 (emphasis added).

37. Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

38. Defendant violated the following provisions of 225 ILCS 425/9 by filing suit in a place prohibited by 15 U.S.C. §1692i:

> . . . **(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.** . . .

39. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

40. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant PRA:

    a.    Compensatory and punitive damages;

    b.    Costs.

    c.    Such other and further relief as is appropriate.

## COUNT III – ABUSE OF PROCESS

41. Plaintiff incorporates paragraphs 1-26.

42. This claim is brought against both defendants.

43. Defendant engaged in abuse of process by intentionally filing this and on information and belief other lawsuits in an improper and distant venue prohibited by 15 U.S.C. §1692i for the purpose of obtaining judgments and seizing assets that they were not entitled to obtain by lawful means.

44. On information and belief, based on a computer search of court records, PRA has engaged in similar violations – filing suit in Chicago area courts against persons located in other counties – more than 10 times in one year. (Exhibit C)

45. Plaintiff was damaged.

46. Defendant engaged in the practice complained of for the purpose of injuring and taking advantage of consumers.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

    a.    Compensatory and punitive damages;

    b.    Costs of suit;

    c.    Such other or further relief as the Court deems proper.

    s/Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


T:\23011\Pleading\Complaint_Pleading.WPD

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

1. U.S. Government Plaintiff
2. U.S. Government Defendant
3. Federal Question (U.S. Government Not a Party)
4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | **PERSONAL PROPERTY** | 640 R.R. & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | 370 Other Fraud | 650 Airline Regs. | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (excl. vet.) | 345 Marine Product Liability | 371 Truth in Lending | 660 Occupational Safety/Health | | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal Property Damage | 690 Other | **SOCIAL SECURITY** | 490 Cable/Satellite TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 385 Property Damage Product Liability | **LABOR** | 861 HIA (1395ff) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Inj. | | 710 Fair Labor Standards Act | 862 Black Lung (923) | 850 Security/Commodity/Exch. |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | | 864 SSID Title XVI | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 730 Labor/Mgmt.Reporting & Disclosure Act | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | 790 Other Labor Litigation | | 895 Freedom of Information Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | 871 IRS—Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | 445 ADA—Employment | 540 Mandamus & Other | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 ADA — Other | 550 Civil Rights | | | 890 Other Statutory Actions |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

1. Original Proceeding
2. Removed from State Court
3. Remanded from Appellate Court
4. Reinstated or Reopened
5. Transferred from another district (specify)
6. Multidistrict Litigation
7. Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter perviously adjudicated by a judge of this Court. Use a separate attachment if necessary)

## VIII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND** $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** Yes No

## IX. This case
is not a refiling of a previously dismissed action.
is a refiling of case number _____, previously dismissed by Judge _____

DATE

SIGNATURE OF ATTORNEY OF RECORD